

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
9/29/2017 2:17 PM
Cathy Chavez

LAURA LUCERO Y RUIZ DE
GUTIERREZ,
As mother and Parent of the
Minor child, M.B.

    Plaintiff,

VS.                                                                     Case No._____

CV 2017 06 9 37

Albuquerque Public Schools, individual and official Capacity,
Board of Education, individual and official capacity,
Mickey Lozano Individual and Professional Capacity
Roy G. Dennis Individual and Professional Capacity
Albuquerque Police Department,
Jeff Jones Individual and Professional Capacity,
County of Bernalillo and Board of Commissioners,
Individually and Professionally,
Debbie O'Mallley Individual and Professional Capacity,
Art de la Cruz Individual and Professional Capacity,
Maggie Hart Stebbins Individual and Professional Capacity,
Lonnie Talbert Individual and Professional Capacity,
Lonnie Talbert Individual and Professional Capacity,
Wayne Johnson Individual and professional Capacity,
Bernalillo County Sheriff Department,
Individual and official Capacity
John and Jane Doe

    Defendants.

CIVIL COMPLAINT — Civil Rights @ NM Tort Claims Act 1983

1.    Plaintiff Laura Lucero Y. Ruiz De Gutierrez, f.k.a. Laura Bruening, as mother and parent of the minor child M.B., is a resident of the County of Bernalillo and a citizen of the State of New Mexico. The cause of action arouse in this county.

1

1.      Defendant Albuquerque Public Schools is public school system is governmental entity or political subdivision or agency of the State of New Mexico operating under the laws of the State of New Mexico.

1.      Defendant Mickey Lozano is a resident of the County of Valencia and a citizen of the State of New Mexico and at the time of the incident a an employee of Albuquerque Public Schools as a commissioned police officer operating under the laws of the state of New Mexico. The cause of action arose in this county.

1.      Defendant Roy G. Dennis may be found in the County of Bernalillo and a citizen of New Mexico and at the time of the incident a an employee of Albuquerque Public Schools as a commissioned police officer operating under the laws of the state of New Mexico. The cause of action arose in this county.

1.      Defendant John and Jane Doe is a resident of New Mexico and is a citizen of New Mexico at the time of the incident. The cause of action arose in this county.

1.      Defendant Albuquerque Police Department a government law enforcement agency operating under the laws of the state of New Mexico within the city of Albuquerque, in the State of New Mexico. The cause of action arouse in this county.

1.      Defendant Jeff Jones may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of Albuquerque Police Department operating under the laws of the state of New Mexico. The cause of action arose in this county.

1.      Defendant Bernalillo County a government agency operating within the city of Albuquerque, in the State of New Mexico operating under the laws of the state of New Mexico. The cause of action arose in this county.

1.      Debbie O'Malley a county commissioner for District 1 may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of The Bernalillo County Board of Commissioners a government agency. This cause of action arouse in this county.

1.	Art de la Cruz a county commissioner for District 2 may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of The Bernalillo County Board of Commissioners a government agency. This cause of action arouse in this county. This cause of action arouse in this county.

1.	Maggie Hart Stebbins a county commissioner for District 3 may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of The Bernalillo County Board of Commissioners a government agency. This cause of action arouse in this county. This cause of action arouse in this county.

1.	Lonnie Talbert a county commissioner for District 4 may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of The Bernalillo County Board of Commissioners a government agency. This cause of action arouse in this county. This cause of action arouse in this county.

1.	Wayne Johnson a commissioner for District 5 may be found in the County of Bernalillo and a citizen of New Mexico, and at the time of the incident an employee of The Bernalillo County Board of Commissioners a government agency. This cause of action arouse in this county. This cause of action arouse in this county.

1.	Defendant Bernalillo County Sheriff's Department is a government law enforcement agency operating within the city of Albuquerque, in the State of New Mexico operating under the laws of the state of New Mexico. The cause of action arouse in this county.

2.	Plaintiff claims from Defendant Albuquerque Public Schools and Plaintiff respectfully requests that this Court grant the following relief:
    A. To make accessible on the Albuquerque Public Schools website the Student Bill of Rights and print the Student Bill of Rights and educate and train the Sheriffs Department and the agencies officers on the Student Bill of Rights.
    B. Award damages, punitive damages, costs and reasonable fees to plaintiff.
    C. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant Mickey Lozano and the Plaintiff respectfully requests that this Court grant the following relief:

   A. Award damages, punitive damages, costs and reasonable fees to plaintiff.
   B. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant Roy G. Dennis and the Plaintiff respectfully requests that this Court grant the following relief:

   A. Award damages, punitive damages, costs and reasonable fees to plaintiff.
   B. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant John and Jane Doe and the Plaintiff respectfully requests that this Court grant the following relief:

   A. Award damages, punitive damages, costs and reasonable fees to plaintiff.
   B. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant Albuquerque Police Department and the Plaintiff respectfully requests that this Court grant the following relief:

   A. Award damages, punitive damages, costs and reasonable fees to plaintiff.
   B. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant Jeff Jones and the Plaintiff respectfully requests that this Court grant the following relief:

   A. Award damages, punitive damages, costs and reasonable fees to plaintiff.
   B. Grant such other and further relief as to the Court seems proper.

2.      Plaintiff claims from the Defendant Bernalillo County and the Plaintiff respectfully requests that this Court grant the following relief:

   A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.
   B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.
   C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the defendant Debbie O'Malley and the Plaintiff respectfully requests that this Court grant the following relief:
  A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.
  B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.
  C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the defendant Art De La Cruz and the Plaintiff respectfully requests that this Court grant the following relief:
  A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.
  B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.
  C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the defendant Maggie Hart Stebbins and the Plaintiff respectfully requests that this Court grant the following relief:
  A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.
  B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.
  C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the defendant Lonnie Talbert and the Plaintiff respectfully requests that this Court grant the following relief:

   A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.

   B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.

   C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the defendant Wayne Johnson and the Plaintiff respectfully requests that this Court grant the following relief:

   A. To work with the Sheriff to remove the exercise of functions, powers, duties and privileges and appointment of the Sheriff's commission in writing given to Albuquerque Public Schools Police Department.

   B. To make accessible on the County website the Student Bill of Rights and print the Student Bill of Rights and educate and train the County employees about the Student Bill of Rights.

   C. Grant such other and further relief as to the Court seems proper.

2. Plaintiff claims from the Defendant Bernalillo County Sheriff's Department and the Plaintiff respectfully requests that this Court grant the following relief:

   A. To remove the Sheriffs commissioning from the Albuquerque Public Schools Police Department.

   B. To make accessible on the Sheriff's website the Student Bill of Rights and print the Student Bill of Rights and educate and train the Sheriffs Department and the agencies officers on the Student Bill of Rights.

   C. Grant such other and further relief, as the Court seems proper.

3. Plaintiff's claim arises from the following event or transaction: On September 30, 2014 the minor child M.B. with a qualified disability alleges that the defendant commissioned police officer Roy G. Dennis an employee of Albuquerque Public Schools inflicted harmful or offensive contact by use of excessive force via tazer. Harmful or offensive contact was proven as Roy G. Dennis left the property line pursuing the child and presenting the requisite intent to utilized

harmful and/or offensive contact in order to detain the child M.B.. Roy G. Dennis's ability to utilize use of force was granted by established privilege only applicable on APS property to deter physical harm to students, staff, visitors etc.. Roy G. Dennis exceeded the scope of reasonable force and the privilege granted by being commissioned by BCSO when Roy G. Dennis left APS property and pursued the Child M.B. for several miles. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 et. seq., ADA, Title IX, 4th Amendment, NM Human Rights Act, New Mexico Constitution Art. II,§ 24., California v. Hodar, 499 U.S. 621 (1991)

3.     Plaintiff's claim arises from the following event or transaction: On September 30, 2014 the minor child M.B. with a qualified disability alleges that the defendant commissioned police officer Roy G. Dennis an employee of Albuquerque Public Schools inflicted harmful or offensive contact by Harmful or offensive contact-grabbing backpack off student in attempt to apprehend M.B. was proven as Roy G. Dennis left the property line pursuing the child and presenting the requisite intent to utilized harmful and/or offensive contact in order to detain the child M.B.. Roy G. Dennis's ability to utilize use of force was granted by established privilege only applicable on APS property to deter physical harm to students, staff, visitors etc.. Roy G. Dennis exceeded the scope of reasonable force and the privilege granted by being commissioned by BCSO when Roy G. Dennis left APS property and pursued the Child M.B. for several miles. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 et. seq., 4th Amendment, ADA, Title IX, NM Human Rights Act, New Mexico Constitution Art. II,§ 24., California v. Hodar, 499 U.S. 621 (1991

3.     Plaintiff's claim arises from the event or transaction: On October 9, 2017 the minor child M.B. with a qualified disability alleges that the defendant police officer Jeff Jones an employee of Albuquerque Police Department and Mickey Lozano of Albuquerque Public Schools Police Department pursued an investigation of M.B. that was not in an emergency situation. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 et. seq., ADA, Title IX, NM Constitution Art. II, § 10, NM Human Rights Act, 4th Amendment, Wallis V. Spencer (9th Cir. 1999)

3.     Plaintiff's claim from the event or transaction: On October 7, 2014 the minor child M.B with a qualified disability alleges that the defendant police officer Jeff Jones of Albuquerque Police Department called me at home to let me know that he wanted to look at Michael's Injury while he was at school. When I objected to this, and was told that the phone call was just a courtesy, and that he goes to schools to do this all of the time when parents are not there. I then contacted Kendra M. our advocate, and she and I went to the school to be with Michael. This

visit resulted in a photo being taken by detective Lozano of Albuquerque Police Department via cell phone by and APSPD officer 8 days after the alleged taser incident. This photo was taken in the nurse's office without any medical professional there to assist in the exam. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 *et. seq.*, NM Constitution Art. II, § 10, ADA, Title IX NM Human Rights Act, 4th Amendment, Wallis V. Spencer (9th Cir. 1999), Yabarra v. Illinois, 44 U.S. 85 (1979), Aponte Matos v. Toledo Davilla, 1st Cir, 1998)

3.     Plaintiff's claim arises from the event or transaction: On October 9, the minor child M.B. with a qualified disability alleges that the defendant police officer Jeff Jones an employee of Albuquerque Police Department would not allow the minor M.B. reasonable accommodations during in the room during the interview such as a parent, advocate, attorney, or therapist present during this. Parent asked for a copy of the SOP from the officer at All Faiths. One was not given or provided. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 *et. seq.*, NM Constitution Art. II, § 10, NM Human Rights Act, 4th Amendment, ADA, Title IX , Wallis V. Spencer (9th Cir. 1999)
Calloway v. Boro of Glassboro Dept. of Police, et al., 89 F. Supp. 2d 543, 554 (D.N.J. 2000)

3.     Plaintiff's claim from the event or transaction: On December 16, 2015 Sheriff Manual Gonzales III, was notified that I was concerned with the oversight of the MOU between Bernalillo County Sheriff's Department and Albuquerque Public Schools. This notification included that my concerns that the commissioning MOU was not being followed. I notified him that I was unable to make informed decisions and resolve matters in regards to the alleged tazer incident. This was among other concerns that were brought up. 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 *et. seq.*, NM Constitution Art. II, § 10, ADA, Title IX, NM Human Rights Act, 4th Amendment, Wallis V. Spencer (9th Cir. 1999)
Calloway v. Boro of Glassboro Dept. of Police, et al., 89 F. Supp. 2d 543, 554 (D.N.J. 2000)

**STATEMENT OF FACTS**

4.     On the afternoon of September 30, 2014
- The minor child M.B. told his teacher Ms. Leila Pochop that he was walking home after he felt his teacher was not listening to him. Michael proceeded to leave campus.
- He was not a threat to himself or others at the time.

8

- Mrs. Pochop called my cell phone. I was unable to answer my cell phone as I was in class at UNM.
- I then proceeded to text our aid "Crystal Holtz" for M.B. asking her to call M.B. teacher to make sure everything is ok.
- I get a message from our aid stating that his teacher Mrs. Pochop said that he was walking home that he left campus.
- The aid and I switched roles and I came home for our other son and went to pick up my daughter while she went to go help find Michael. I then asked to call my husband.
- My husband was on the phone with M.B. teacher Ms. Pochop and was told by her that Michael got upset and left campus and that officer Dennis the campus officer was looking for him.
- Officer Roy G. Dennis was wearing a uniform and using his car and on foot at times to attempt to detain him.
- It was around the same time that I left class.
- The aid called the teacher on her cell phone and the teacher told her that she was on a walkie talkie with the officer to see exactly where M.B.'s location is at and for him to tell M.B. she was going for him. She said that Michael was running from security down Central near smiths. The aid drove in that direction.
- The aid Crystal Holtz then got a call from a teacher on a different cell phone number saying that M.B. has just crossed Coors on Central and he was headed East.
- As the aid Crystal Holtz was turning onto Central from Unser she saw an APS police car driving. He turning into the Smiths parking lot and she followed him assuming he knew where M.B. was. He drove out of Walgreens parking lot on the east side of lot and put his lights on and went through the light.
- The aid said that as soon as the light turned green she sped up and turned onto Central going East.
- The aid Crystal Holtz said that around 61st she saw Michael running. She drove ahead until she arrived at 58th street. At this location, off of school grounds, although, B.B. was not harming anyone, did not pose a dange, and was a 13 year old autistic boy defendant used his Tazer, causing a physical, mental, and emotional injuries.
- She Parked her car at the intersection and ran across and yelled M. until he saw her.
- The aid then reported as soon as he saw her he ran to her car frantically.

9

- The aid Crystal Holtz said she was still on the phone at this time. She then reported that she had M.B.
- She said that Michael's backpack is at the school and she told her that Michael does not want to go back. He is scared and shaken up.
- The aid then said that when M.B. got in the car he locked the doors and said, "The f ing cop tazed me." Roy G. Dennis the school police officer was using his car and in uniform. At the time he was not operating within his commissioned jurisdiction according to the MOU and commissioning of the Sheriff. His jurisdiction ended at the APS property line.
- M.B. reported that Ms. Tapia was the one that came after him and they tried to stop him.

4. On the afternoon of September 30, 2014, M.B said:
   - He kept running and ran past officer Dennis's Car. He stated that "I saw shoot something at me and I saw wires. He missed but the wire touched me and shocked my leg."
   - M.B said that after he said, "It stings hugh."
   - M.B. states that he kept running until he saw Crystal.
   - M.B. then reported that he got in her car and drove away.
   - M.B. also stated that Officer Dennis got out of his car and my backpack off of me. This scared me. So I kept Running."
   - M.B. reported to me that Roy G. Dennis the school police officer was using his car and in uniform.

4. On October 1, 2014 M.B:
   - Visited his primary care to which he reported the incident. The person that he reported it was Jeff McCullum.

4. On October 2, 2014 M.B.:
   - There was a meeting at Jimmy Carter Middle School post tazer incident.
   - In attendance was myself, M.B., Kendra Morrison, and Sen. Linda Lopez.
   - It was at this meeting that we reported the incident to Mary Trace the administrator for the BIP program at Jimmy Carter Middle School.
   - In attendance from APS was Mary trace, Mrs. Pochop, a social worker that was not M.B. Social worker, Dora, and they later called in the Officer Roy G. Dennis.
   - This meeting identified that Police officer Roy G. Dennis training was questionable.

4.      On October 3, 2014 we held a press conference @ Jimmy Carter Middle School. In attendance was myself, M.B., Kendra Morrison, Senator Linda Lopez, Javier Benavidez from Southwest Organizing Project, and Katie Stone a representative from the Autism Community.

4.      On October 7, 2014 Detective Jeff Jones from Albuquerque Police Department called me while I was at home police officer Jeff Jones of Albuquerque Police Department called me at home to let me know that he wanted to look at Michael's Injury while he was at school. When I objected to this, and was told that the phone call was just a courtesy, and that he goes to schools to do this all of the time when parents are not there. I then contacted Kendra M. our advocate, and she and I went to the school to be with Michael. This visit resulted in a photo being taken by detective Lozano of Albuquerque Police Department via cell phone by and APSPD officer 8 days after the alleged taser incident. This photo was taken in the nurse's office without any medical professional there to assist in the exam.

4.      On October 9, 2014:
- A safe house interview was scheduled at All Faiths Receiving home.
- Police officer Jeff Jones an employee of Albuquerque Police Department would not allow the minor M.B. reasonable accommodations during in the room during the interview such as a parent, advocate, attorney, or therapist present during this. Parent asked for a copy of the SOP from the officer at All Faiths. One was not given or provided. This part of the Interview went from about 3:00-6:00
- The interview started at All Faiths, and then off sight of All Faiths to the sight of the "alleged taser" incident. This part of the interview was from about 6:20-7:00pm.
- Michael was put in a position to incriminate himself.
- In attendance were myself, Kendra Morrison, M.B. Victoria Vandame his O.T., Jeff Jones, and Albuquerque Public Schools Police Officers all of whom were at the safe house and the sight.

4.      November 6, 2014:
- Follow up and return to school.

4.      November 14, 2014:
- Meeting at Jimmy Carter MS
- Police Officer Roy Dennis returned to school.

11

- A no contact order was in place, with Michael and that there were two other security officers on campus in addition to Police Officer Roy Dennis.

4. On November 25, 2014
- Grover Law firm sent out Notice and Demand letters on behalf of Roy G. Dennis to myself, our advocate Kendra Morrison, Katie Stone and Javier Benavidez.
- This letter is how we were notified that the investigation was complete. We were never provided a copy of the same information that the Police Officer Roy G. Dennis and his attorney Thomas R. Grover had. We were told that according to whatever documents they had that M.B. had "falsely alleged of Tasing" and that he was referring to a report completed by Albuquerque Police Department Detective Jones on November 5, 2014. I have requested documents from APD, and have been able to obtain some of them, but not a report dated November 5, 2014. There is a Memo, dated November 6, 2014 and a very generic police report from APD only detailing the role of det. Jeff Jones, but no findings. I have even done an IPRA with the DA's office in which they never located a file pertaining to M.B. or Roy G. Dennis. I have tried to locate booking documents for Roy and Mr. Urban was never able to locate those either.

4. On December 16, 2015:
- Sheriff Manual Gonzales III, was notified in writing, hand delivered and faxed that I was concerned with the oversight of the MOU between Bernalillo County Sheriff's Department and Albuquerque Public Schools.
- This notification included that my concerns that the commissioning MOU was not being followed. I notified him that I was unable to make informed decisions and resolve matters in regards to the alleged tazer incident. This was among other concerns that were brought up.

4. December 28, 2015 I received a phone call from Under Sheriff, we had a phone call about the incident, and a meeting at a later date in which he handed me a memo and a police report that did not have the defendant Roy G. Dennis on it. I remember asking him about training and consequences and what he could do about the monitoring of the MOU and the commissioning.

12

4.  M.B. has Autism and has not been able to return to school since the incident, has a diagnosis of PTSD, and has a recommendation to not even return to public school at this time. The used of the tazer, caused physical pain, mental and emotional injuries.

5.  Trial by jury is demanded.

6.  An audio recording of the trial not demanded.

7.  The Court has personal and subject matter jurisdiction over parties and the subject matter of this suit.

8.  Venue is proper before the Court.

9.  I will be proceeding and filing under the New Mexico Tort Claims Act. § 1983.
    - And I will be asserting violations under: 42 U.S.C. §1983, 42 U.S.C. § 12131-34, 29 U.S.C. § 794 *et. seq.*, NM Constitution Art. II, § 10, ADA, Title IX, NM Human Rights Act, 4th Amendment

_[signature]_
Signed

Laura Lucero y Ruiz de Gutierrez
Name [Print]

211 Broadway NE
Address [Print]

Abq, NM 87102
City, State and zip code [print]

505 288 8802
Telephone Number