UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

LAURA LUCERO Y RUIZ DE GUTIERREZ,
as mother and parent of Minor child M.B.,

    Plaintiff,

vs.                                               No. 18 CV 00077 JAP/KBM

ALBUQUERQUE PUBLIC SCHOOLS,
MICKEY LOZANO,
Albuquerque Public Schools employee/officer,
individually acting under color of law,
ROY G. DENNIS,
Albuquerque Public Schools employee/officer,
individually acting under color of law,
THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF BERNALILLO, and
MANUEL GONZALES, Bernalillo County Sheriff,
individually and in his official capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## ON BERNALILLO COUNTY'S MOTION TO DISMISS

In BERNALILLO COUNTY DEFENDANTS' MOTION TO DISMISS BASED ON FAILURE TO STATE A CLAIM, STATUTE OF LIMITATIONS VIOLATIONS AND IMPROPER NAMING OF PARTIES IN LIEU OF AN ANSWER (Doc. No. 34) (Motion), Defendants The Board of County Commissioners for the County of Bernalillo (the County) and Bernalillo County Sheriff Manuel Gonzales, III (Sheriff Gonzales) (together County Defendants) ask the Court to dismiss all of the claims against them in PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. No. 19) (FAC). The Motion is fully briefed. *See* PLAINTIFF'S RESPONSE TO BERNALILLO COUNTY DEFENDANTS' MOTION TO DISMISS BASED

1

ON FAILURE TO STATE A CLAIM, STATUTE OF LIMITATIONS VIOLATIONS AND IMPROPER NAMING OF PARTIES IN LIEU OF AN ANSWER (Doc. No. 38) (Response); and BERNALILLO COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS BASED ON FAILURE TO STATE A CLAIM, STATUTE OF LIMITATIONS VIOLATIONS AND IMPROPER NAMING OF PARTIES IN LIEU OF AN ANSWER (Doc. No. 39) (Reply). The Court will grant the Motion in part. The Court has previously ruled on a Motion to Dismiss filed by the Albuquerque Public Schools, Roy G. Dennis, and Mickey Lozano (APS Defendants). *See* MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART APS DEFENDANTS' MOTION TO DISMISS (Doc. No. 41) (APS MOO). In the Motion, County Defendants indicate that they adopt the arguments in APS Defendants' Motion to Dismiss.

In the APS MOO, the Court dismissed Count One against APS Defendants for failure to state a claim, and the Court will also dismiss Count One against County Defendants also. In addition, since the statute of limitations issue raised in this Motion and in the APS Defendants' Motion to Dismiss is identical, the Court will deny the Motion as to the statute of limitations defense for the same reasons as stated in the APS MOO.

I. STANDARD OF REVIEW

County Defendants seek dismissal for failure to state a claim under Rule 12(b)(6). The nature of a rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint[.]" *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "At the motion-to-dismiss stage, [a court] must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Cressman v. Thompson*, 719 F.3d 1139, 1152 (10th Cir. 2014). To survive dismissal, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Thomas v. Kaven*, 765 F.3d 1183, 1190–91 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In Plaintiff's Response, she asks the Court to grant her leave to amend the FAC if "additional averments are necessary." (Resp. at 2.) This Court has already allowed Plaintiff an opportunity to amend her Original Complaint. And, County Defendants argue that the Court should not grant Plaintiff a chance to amend the FAC because it would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). The Court will deny Plaintiff's request to further amend her FAC.

## II. BACKGROUND

At the relevant time, Plaintiff's son, M.B., who suffers from Autism,[1] attended the Jimmy Carter Middle School in Albuquerque, New Mexico. On September 30, 2014, M.B.'s Adaptive Physical Education Teacher instructed M.B. to "go inside after he ran his last lap." (FAC ¶ 41.) M.B. proceeded to go inside, as instructed, (*id.*) but M.B. was stopped by Mrs. Orona and told that "he had to wait for a staff member before going to class." (*Id.* ¶ 42.) This incident led to "MB exhibiting his documented 'shutting down' behavior in his classroom, leading to frustration in trying to resolve the incident." (*Id.*) M.B. then "told his teacher that he was walking home from school" and proceeded to leave the school property. (*Id.* ¶ 43.) After searching for M.B. on several streets near the school, APS security officer Roy G. Dennis (Dennis) allegedly used a taser on M.B. which caused physical injury and mental trauma. (FAC ¶¶ 44–51.) Since the incident, M.B., "has been emotionally and psychologically unable to return to school. He has

---

[1] Autism is "a pervasive developmental disorder of children, characterized by impaired communication, excessive rigidity, and emotional detachment[.]" http://www.dictionary.com/browse/autism?s=t (last visited July 10, 2018). A child with autism qualifies as a "[c]hild with a disability" under the IDEA. *See Bd. of Educ. of Albuquerque Pub. Sch. v. Maez*, 16-CV-1082 WJ/WPL, 2017 WL 3278945, at *1 (D.N.M. Aug. 1, 2017) (citing 20 U.S.C. § 1401(3)(A)). M.B. has an Individualized Education Plan (IEP) and a Behavioral Intervention Plan (BIP). (FAC ¶ 39.)

been diagnosed with PTSD and has a recommendation against any return to public school." (*Id.* ¶ 76.) M.B. will turn 18 years old at the end of 2018. A more complete summary of the factual allegations in the FAC is set forth in the APS MOO.

  III.  DISCUSSION

   A.  Allegations against County Defendants

County Defendants argue that only two paragraphs in the FAC contain factual allegations about them. Plaintiff alleges that over a year after the tasing incident, on December 16, 2015, Sheriff Gonzales, "was notified that Plaintiff Gutierrez was concerned with the oversight of the MOU[2] between BCSO and APS. This notification included concerns that the commissioning MOU was not being followed, training was insufficient, and supervision was lacking." (FAC ¶ 74.) That letter is attached to the Response as Exhibit 2; however, the Court has not considered the content of the letter in ruling on the Motion.[3] In the FAC, Plaintiff further alleges that on December 28, 2015, "Plaintiff Gutierrez received a phone call from a Sheriff's representative requesting a meeting. At the meeting Plaintiff Gutierrez was handed a memo and a police report, neither of which had any information regarding Defendant Dennis. Plaintiff Gutierrez then asked about training and consequences and what could be done about monitoring individuals such as APS employee Dennis." (*Id.* ¶ 75.) County Defendants maintain that, other than these two paragraphs, the FAC "does not assert any other factual allegations against" County Defendants.

In addition to these two paragraphs, however, Plaintiff alleges that Defendant Dennis "acted under the authority of a commission issued to him by the Sheriff, Bernalillo County." (*Id.*

---

[2] Although not identified in the FAC, the Court assumes that MOU means Memorandum of Understanding, which generally speaking, is an agreement between the County and another entity, either private or governmental.

[3] *Lymon v. Aramark Corp.*, 499 F. App'x 771, 776 (10th Cir. 2012) (upholding district court's decision not to consider affidavit attached to response to motion to dismiss as a proper exercise of district court's discretion).

¶ 8.) And in Count Three,[4] Plaintiff alleges that County Defendants "intentionally and/or negligently failed to supervise and train the APS officers who initiated physical contact[.]" (*Id.* ¶ 90.) Plaintiff alleges that the County Defendants, "engaged in acts and omissions which resulted in the unlawful use of excessive for[ce] causing physical or mental harm and/or deprivation of rights, privileges and immunities secured by the constitutions and laws of the United States and New Mexico[.]" (*Id.* ¶ 97.) Finally, Plaintiff alleges that the County Defendants "failed to implement appropriate policies and procedures regarding employee training, oversight of employees, discipline of employees, [and] use of force on students[.]" (*Id.* ¶ 101.)

In her Response, Plaintiff argues that she clearly averred a supervisory link between Sheriff Gonzales and Defendant Dennis. Plaintiff asserts that "an MOU exists between APS and the Sheriff's office, whereby the Sheriff personally commissions officers who then perform law enforcement activities for/with Albuquerque Public Schools." (Resp. at 8.) Plaintiff continues, "[t]he MOU established a custom or policy that individuals receive commissions from the Sheriff's office and are then placed with APS, who supervises their law enforcement employment." (*Id.*) Plaintiff argues that Sheriff Gonzales and APS "failed to train such officers as to the protection or needs of students such as MB, failed to train such officers as to the IEPs and Behavior Modification Plans for disabled students, failed to supervise the interaction of officers with students such as MB… [T]he Sheriff has no policy to train these individuals to protect or control such students." (*Id.*)

When reviewing a motion to dismiss, the Court "generally must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference." *Carter v. Spirit Aerosystems, Inc.*, 16-1350-EFM-GEB, 2017 WL

---

[4] After alleging a "Count One" and a "Count Two" on page 11 of the FAC, on page 12 Plaintiff alleges a "Cause of Action No. III," which presumably, was intended to be named "Count Three."

4865690, at *6 (D. Kan. Oct. 27, 2017) (unpublished). However, in the Tenth Circuit, "it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they were consistent with the facts and theories advanced in the complaint." *Id.* (quoting, *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001)). Within the Court's discretion, a claim that would otherwise be dismissed based solely on the allegations in the complaint can be saved by additional, consistent facts provided in subsequent briefing. *Hayes*, 264 F.3d at 1025. Plaintiff's averments in the FAC and in the Response center on Sheriff Gonzales' lack of policy-making or training activities for commissioned APS security officers who encounter special needs students. (FAC ¶ 74.) Since these additional allegations are consistent with the Plaintiff's theory of supervisory liability, the Court will consider them in this ruling.

     B.  Count One: Procedural Due Process.

As analyzed in the Court's APS MOO, the Court determined that Plaintiff failed to state a claim for violation of M.B.'s procedural due process rights under the Fourteenth Amendment; therefore, the Court dismissed Count One as to the APS Defendants. For the same reasons, the Court will grant the Motion and will dismiss Count One against the County Defendants.

     C.  Count Two: Fourth Amendment Violation

Personal liability under § 1983 must be based on an officer's "personal involvement, and supervisory liability must be based on his Policy." *Brown v. Montoya*, 662 F.3d 1152, 1164–65 (10th Cir. 2011). County Defendants argue that Plaintiff fails to identify specific actions that Sheriff Gonzales took that would lead to liability for the alleged tasing. While Plaintiff avers that only Defendant Dennis was directly involved in the tasing, Plaintiff has alleged that Sheriff Gonzales was in charge, through the MOU, of commissioning, training, and supervising APS

6

security officers and that Sheriff Gonzales failed to establish policies for officers who dealt with special needs students.

County Defendants argue that in Count Two Plaintiff merely alleges that "Defendants" in the aggregate violated M.B.'s Fourth Amendment rights and they cite *Brown v. Montoya* for the proposition that broad claims stated against groups of "defendants" did not establish individual capacity claims against a governmental official. 662 F.3d 1152, 1165 (10th Cir. 2011). In *Brown*, the plaintiff alleged that his probation officer directed him to register as a sex offender even though the plaintiff had not committed a sex crime. *Id.* at 1159. The plaintiff sued several defendants including the New Mexico Secretary of Corrections. The Tenth Circuit found that the plaintiff's allegations were insufficient to state a claim against the Secretary of Corrections. "It is not enough for the Complaint to lump the four named defendants … into the collective term 'Defendants' and allege that they directed Mr. Brown to register and serve probation as a sex offender." *Id.* at 1165. The *Brown* court continued that, "[t]he need for individualized allegations is especially important where, as here, 'each of the defendants had different powers and duties,' but the Complaint fails 'to identify specific actions taken by particular defendants that could form the basis' of a constitutional violation." *Id.* (quoting *Tonkovich v. Kansas Bd. of Regents,* 159 F.3d 504, 532 (10th Cir.1998)).

This case does not present the same problems found in *Brown* because Plaintiff alleges that Defendant Dennis used excessive force and that Sheriff Gonzales was responsible for the use of excessive force through failure to train and supervise school security officers like Defendant Dennis. Plaintiff has sufficiently alleged that Sheriff Gonzales is liable because he failed to create or implement policies and that this failure caused the deprivation of M.B.'s rights. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir.2010) (Supervisory liability "allows a

plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, [or] implements ... a policy ... which subjects, or causes to be subjected that plaintiff to the deprivation of any rights ... secured by the Constitution."). The FAC allegations, supplemented by facts in the Response, are sufficient to state a supervisory claim against Sheriff Gonzales for failure to maintain adequate policies, training, and supervision of APS security officers. Therefore, the Court will not dismiss Count Two against Sheriff Gonzales in his individual capacity.

County Defendants correctly argue that the claims against Sheriff Gonzales in his official capacity are duplicative of the claims against the County itself. The Court agrees and will dismiss the Count Two official capacity claims against Sheriff Gonzales. *See Stump v. Gates*, 777 F.Supp. 808, 816 n.3 (D. Colo. 1991) *aff'd* 986 F.2d 1429 (10th Cir. 1993) (stating, "…a § 1983 action appropriately is pleaded against a municipality either by naming the municipality itself or by naming the municipal official in his or her official capacity. Naming either is sufficient. Naming both is redundant.") (citations omitted).

### D. Count Three: New Mexico Tort Claims Act Claims (NMTCA)

#### 1. Written Notice of the Tort Claim

County Defendants argue that Plaintiff failed to file the requisite tort claims notice with the Bernalillo County Clerk within 90 days after the tasing incident. Under the NMTCA, § 41-4-16(A), "[e]very person who claims damages from the state or any local public body under the Tort Claims Act shall cause to be presented to the … county clerk of a county for claims against the county … within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act, a written notice stating the time, place and circumstances of the loss or injury." NMSA 1978 § 41-4-16(A). Plaintiff responds that she did in

fact file a tort claims notice with the County Clerk on October 24, 2014. (Resp. Ex. 1 (letter to Maggie Toulouse Oliver, Bernalillo County Clerk)). Therefore, County Defendants' argument is without merit.

2. Statute of Limitations

County Defendants next argue that Plaintiff filed her NMTCA claim after the NMTCA statute of limitations expired under NMSA 1978 § 41-4-15(A).[5] In the APS MOO, the Court has already rejected the same argument made by APS Defendants; therefore, County Defendants' argument is also without merit for the same reasons. However, the Court will briefly discuss County Defendants' argument on the statute of limitations issue.

County Defendants state that since M.B. was over the age of seven, the "minor child exception" to the NMTCA statute of limitations does not apply in this case. In *Campos v. Murray,* the New Mexico Supreme Court answered this certified question from United States District Judge Bruce Black: "Whether NMSA § 41–4–15, which requires a child of the age of seven years or more to file a claim within two years after the date of occurrence resulting in loss, injury, or death, violates Due Process principles under the New Mexico Constitution." 2006-NMSC-020, ¶ 2, 134 P.3d 741, 742. The New Mexico Supreme Court answered the certified question in the affirmative. In *Campos*, an NMTCA claim was brought on behalf of J.C., who was eight years old when she was injured, but the claim was not filed within two years after the injury. *Id.* ¶ 7. The New Mexico Supreme Court concluded that the two-year statute of limitations was unconstitutional as applied to J.C. *Id.* The court determined that J.C. was just as incapable of complying with the statute of limitations as the two-year-old child in *Jaramillo v.*

---

[5] Actions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death, except that a minor under the full age of seven years shall have until his ninth birthday in which to file. This subsection applies to all persons regardless of minority or other legal disability. NMSA 1978 § 41-4-15 (A).

9

*Board of Regents of the Univ. of N.M. Health & Sciences Center*, 2001-NMCA-024, ¶ 10, 23 P.3d 931. *Id.* ¶ 4.

> A two-year-old, an eight-year-old, or even an eleven-year-old, are all equally unable to comply with the statute of limitations requirement at such a young age. Age is not the sole determinative inquiry in these cases, but it is a primary factor to be taken into account in determining whether the statute of limitations is being reasonably applied. According to the facts presented to us, J.C. was eight when she was assaulted, and the TCA statute of limitations required that she file suit by age ten. It is unreasonable as a matter of law to ignore the effects of such an extreme burden on a child of such tender years.

*Id.*

*See also K.S. by and through her parents and next friend T.S. next friend A.R. v. Santa Fe Public Schools*. No. 14 CV 385 SCY/KBM, 2015 WL 13662572, at * 7 (D.N.M. June 11, 2015) (finding that ten-year-old student molested by teacher was not reasonably capable of complying with the statutory limitations under NMTCA). Applying the analyses set out by the New Mexico courts, this Court finds that, for purposes of this statute, there is no appreciable difference between an eight- or ten-year old student, and M.B., a thirteen- or fourteen-year-old autistic child. Therefore, this Court holds that it would be "unreasonable as a matter of law" to apply the NMTCA two-year statute of limitations to M.B. In addition, the court in *Campos* determined that it is irrelevant that an injured child has a parent or guardian to bring suit on the child's behalf: "absent some legislatively imposed duty, we cannot presume that parents will adequately care for their child by filing such a claim in a timely manner." *Campos*, 2006-NMSC-020, ¶ 15 (citing *Jaramillo*, 2001-NMCA-024, ¶ 5). Hence, for the same reasons stated in the APS MOO, the Court will not dismiss the Count Three NMTCA claim against County Defendants under the two-year statute of limitations.

### 3. Failure to State a Claim

In Count Three, Plaintiff brings a claim under the NMTCA, a statute that waives sovereign immunity for certain claims against public employees. Specifically, Plaintiff asserts claims against all Defendants under NMSA §§ 41-4-6 and 41-4-12. Section 41-4-6 waives immunity "for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." Section 41-4-12 waives immunity for "personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties."

Plaintiff alleges that Sheriff Gonzales, "intentionally and/or negligently failed to supervise or train the APS officer who initiated physical contact with the knowledge that they had no probable cause or other lawful authority to do so[.]" (FAC ¶ 90.) Plaintiff alleges that County Defendants "breached further duties to Plaintiff and committed the tort(s) of negligent hiring, supervision, training, discipline, and retention." (*Id.* ¶ 96.) Plaintiff alleges that County Defendants engaged in the "unlawful use of for[ce] causing physical or mental harm and/or deprivation of rights, privileges and immunities secured by the constitutions and laws of the United States and New Mexico[.]" (*Id.* ¶ 97.) Plaintiff alleges that County Defendants "had duties to act reasonably in order to avoid injuries and deprivations of rights resulting from unsafe or dangerous conditions created by inadequate or improper policies and procedures." (*Id.* ¶ 98.)

Finally, County Defendants allegedly "failed to implement appropriate policies and procedures regarding employee training, oversight of employees, discipline of employees, use of force on students, and other such policies and procedures as are reasonably necessary to ensure that Plaintiff would not be subjected to the tortious conduct described herein." (*Id.* ¶ 101.)

The NMTCA waives immunity from liability for supervisory law enforcement officers whose negligent training or supervision of their subordinates was a proximate cause of one of the torts specified at Section 41-4-12. *Monarque v. City of Rio Rancho*, 1:11-CV-00135-MV-KBM, 2012 WL 12949720, at *9 (D.N.M. Jan. 23, 2012) (citing *Ortiz v. New Mexico State Police*, 112 N.M. 249, 251 (N.M. Ct. App. 1991) ("[i]t suffices that the law enforcement officer, while acting within the scope of duty, negligently or intentionally causes the commission of a listed tort by another person."). In *Monarque*, the court found that in addition to stating a claim for excessive force under § 1983, the plaintiff also had stated a claim for negligent supervision under the NMTCA against the supervisory officer. *Id.* Therefore, under the NMTCA, Plaintiff may bring an action against any "governmental entity who has the right to control the employee's conduct under a theory of respondeat superior." *Lopez v. Las Cruces Police Dept.*, 2006-NMCA-074, ¶ 11, 139 N.M. 730, 137 P.3d 670.

Plaintiff has sufficiently alleged that under the NMTCA, County Defendants are liable under the doctrine of respondeat superior because Defendant Dennis was under County Defendants' supervisory authority or procedural control. Thus, the Court will not dismiss Count Three against the County Defendants.

### E. Reservation of Affirmative Defenses

In the Motion, County Defendants state that it is brought under Rule 12 and that they reserve the right to include available affirmative defenses in an Answer, should one become

necessary. Plaintiff responds that such preservation is not permissible under Rule 12(b), which requires that a motion asserting certain defenses "must be made before pleading if a responsive pleading is allowed," and that defenses not raised are waived under Rule 12(h). Rule 12(h) provides: "A party waives any defenses listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h). Rule 12(g)(2) provides: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2).

Under these provisions, County Defendants may assert any affirmative defense in an answer except the defenses listed in Rule 12(b)(2)-(5), which are lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process. *See United States v. 51 Pieces of Real Property, Roswell, N.M.,* 17 F.3d 1306, 1314 (10th Cir.1994) (failure to object to court's exercise of personal jurisdiction in the first response waives defense); *Federal Deposit Ins. Corp. v. Oaklawn Apartments,* 959 F.2d 170, 175 (10th Cir. 1992) ("If a party files a pre-answer motion and fails to assert the defenses of lack of jurisdiction or insufficiency of service, he waives those defenses.").

Alternatively, Plaintiff argues that the Court should decline to rule on this request because County Defendants want to "engage in a series of defensive motions to dismiss contrary to the purposes and intent of the Rules." (Resp. at 7.) In the Reply, County Defendants assert that they made this argument reserving available affirmative defenses "in an abundance of caution to comply with Rule 12[.]" The Court sees no violation of Rule 12 in County Defendants'

reservation of rights to state available affirmative defenses in an Answer, and the Court will rule on the propriety of defenses asserted in the Answer when appropriate. To the extent that County Defendants' reservation of affirmative defenses attempts to avoid waiver of defenses other than those listed in Rule 12(b)(2)-(5), it is unnecessary because the defenses may be raised in an Answer.

IT IS ORDERED that BERNALILLO COUNTY DEFENDANTS' MOTION TO DISMISS BASED ON FAILURE TO STATE A CLAIM, STATUTE OF LIMITATIONS VIOLATIONS AND IMPROPER NAMING OF PARTIES IN LIEU OF AN ANSWER (Doc. No. 34) is granted in part, and Count One is dismissed against County Defendants, but it is denied as to Count Two and Count Three.

/s/ James A. Parker
SENIOR UNITED STATES DISTRICT JUDGE